IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACKIE HAM, )
 )
      Plaintiff, )
 )
      v. ) Civil Action No. 08-119E
 ) Judge McVerry
MED-NATIONAL, INC., ) Magistrate Judge Bissoon
 )
      Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendant's Motion for Summary Judgment (Doc. 21) be denied.

### II. REPORT

Jackie Ham is a former federal prisoner who alleges in this diversity suit that he was provided with negligent dental care while incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), Pennsylvania. Defendant Med National, Inc. ("Med-National"), provided dental services for FCI-McKean pursuant to a contract with the Federal Bureau of Prisons ("BOP"), and Dr. Gary Greer performed those services under contract with Med-National. Plaintiff alleges that Dr. Gary Greer negligently performed a tooth extraction in May, 2007, failed to remove the entire tooth, and also damaged another tooth that was later removed. Plaintiff alleges that Med-National is vicariously liable for Dr. Greer's negligence.

Med-National moves for summary judgment on the basis that Dr. Greer was an independent contractor (Doc. 21). Plaintiff, who is no longer in custody, was directed to respond to the Motion for Summary Judgment on or before January 26, 2009 (Doc. 14). No response was

1

filed. On February 11, 2009, Plaintiff was directed to file his response on or before February 23, 2009, or the Motion would be considered on the basis of the materials provided by the Defendant. No response has been filed to date.

### A. Legal Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52.

### B. Analysis

In Pennsylvania, a party is generally not liable for the negligent torts of its independent contractors. Hader v. Coplay Cement Mfg. Co., 189 A.2d 271, 277 (Pa. 1963). The law recognizes a key distinction between a "servant" and an independent contractor. A person is a servant if his master not only controls the result of the work, but has the right to direct the way it is performed. Jones v. Century Oil U.S.A., Inc., 957 F.2d 84, 86 (3d Cir.1992). A servant "remains entirely under the control and direction of the master." Id. at 87 (internal quotations omitted). By contrast, an independent contractor retains exclusive control over the manner in which his work is performed. Moon Area School Dist. v. Garzony, 560 A.2d 1361, 1367 (Pa. 1989). It is normally for a jury to determine whether an agent is a servant or an independent

contractor, unless the facts are undisputed. Feller v. New Amsterdam Cas. Co., 70 A.2d 299, 300-301 (Pa. 1950).

In support of its motion, Med-National has attached the contract it entered into with the Bureau of Prisons ("BOP Contract"), as well as the contract Med-National entered into with Dr. Greer ("Greer Contract"). The BOP Contract is for "unsupervised" provision of dental care to inmates at FCI-McKean (Doc. 23, p. 9), and specifically states that the dental services provided "shall not constitute an employer/employee relationship." (Id., p. 22). The BOP "may evaluate the quality of professional and administrative services provided, but retains no control over the medical, professional aspects of services rendered (e.g., professional judgments, diagnosis for specific medical treatment)." (Id.).

The Greer Contract provides that Dr. Greer will provide professional dental services at FCI-McKean in accordance with the terms of the BOP Contract. Unlike the BOP Contract, however, there is no specific provision in the Greer Contract defining Dr. Greer's scope of authority in exercising medical judgment, i.e., Med-National does not expressly disclaim the ability to control Dr. Greer's ability to perform his duties and exercise judgment. More important, however, Dr. Greer is expressly designated by Med-National to be an "employee" of Med-National in Paragraph X of the Greer Contract (Doc. 23, p. 35).

In Morales v. Guarini, 57 F.Supp.2d 150 (E.D.Pa., 1999), the court was able to determine at the summary judgment stage that an independent contractor relationship existed between a prison physician and PrimeCare, the contractor providing medical services to the prison. The contract between PrimeCare and the physician expressly left medical decisions to the physician. Further, the physician and PrimeCare's vice president each provided affidavits to the effect that the physician in fact acted an independent contractor and not as an employee of PrimeCare.

Here, the only exhibits submitted by Med-National in this case are the relevant contracts. While the BOP Contract does not speak to the relationship between Med-National and Dr. Greer, the Greer Contract expressly makes Greer an employee of Med-National. Therefore, it is not possible on the record provided to find that Dr. Greer was acting as an independent contractor vis-à-vis Med-National.

### III. CONCLUSION

For all of the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment (Doc. 21) be denied. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 3, 2009.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Date: June 11, 2009

cc:
**JACKIE HAM**
30 Lucille Lane
Deer Park, NY 11729

4